IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BILLY MILCHAK, | § | |
| *Plaintiff,* | § § § | |
| v. | § | Civil Action No. 3:23:cv-00441-DCG |
| HOME DEPOT U.S.A., INC. | § § § | |
| *Defendant.* | § | |

## PLAINTIF'S REPLEAD COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLY MILCHAK, Plaintiff herein, complaining of HOME DEPOT U.S.A., INC., Defendant, filing this Plaintiff's Replead Complaint in compliance with the *Standing Order to Replead in Removal Cases* June 16, 2021, and for cause of action would respectfully show the Court the following:

### I. THE PARTIES

1. Plaintiff BILLY MILCHAK ("MILCHAK") is a citizen of the United States and at the time of the incident forming the basis of this suit, a resident of the State of Texas residing in El Paso, El Paso County, Texas. MILCHAK and brings suit herein in his individual capacity for his injuries.

2. Defendant HOME DEPOT U.S.A., INC. ("THE HOME DEPOT") is a foreign for-profit limited liability company organized under the laws of the State of Delaware, doing business in the state of Texas, authorized to conduct business in Texas and has been properly served and made an appearance in this matter. Service of this Plaintiff's Replead Complaint is made electronically by and through THE HOME DEPOT's attorney of record: Karen M. Alvarado,

Brothers, Alvarado, Piazza & Cozort, P.C. 10333 Richmond, Suite 900 Houston, TX 77042. Fed. R. Civ. P. 5.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states (Texas and Delaware), and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs.

4. This is a personal injury and premises cause of action arising out of an incident which occurred in El Paso, Texas. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## III. DISCOVERY LEVEL

5. Discovery shall be conducted in this case according to Level III discovery control plan.

## IV. FACTS

6. On or about October 8, 2022, Plaintiff MILCHAK was shopping with his wife for lumber for a home bathroom remodel in the lumber section at The Home Depot Store located at 12221 Montwood Drive, El Paso, Texas 79938.

7. At the time of the incident forming the basis of this suit, Plaintiff was a business invitee on the premises of THE HOME DEPOT.

8. Plaintiff reached out to inspect a piece of lumber from the rack containing 2x4s ("Lumber Rack"), at which time multiple 2x4s fell from the Lumber Rack onto Plaintiff MILCHAK's head, neck, and upper torso.

9. Plaintiff MILCHACK was seriously injured when multiple boards of lumber fell onto this head, neck, and upper torso.

10. At the time of the incident forming the basis of this suit, Plaintiff MILCHACK had some existing medical conditions which were greatly worsened by the incident, as well as injuries resulting from this incident which did not exist prior to the incident.

11. At the time of the incident forming the basis of this suit, the lumber was improperly maintained on the Lumber Rack.

12. At the time of the incident forming the basis of this suit, the retaining equipment of the Lumber Rack was insufficient and improperly maintained.

13. At the time of the incident forming the basis of this suit, the Lumber Rack did not have adequately functioning retaining equipment. *See* Exhibit A, attached (photographs taken by Plaintiff MILCHAK's wife following the incident with her notations included, marked as MILCHAK 31150-PH00001-23).

14. As depicted in the photographs taken shortly after the incident, one safety wand securement is not properly attached to the Lumbar Rack, leaving the safety wand holder dangling off the Lumber Rack and the safety wand laying on the ground. *Id*.

15. A second safety wand holder sits empty on the Lumber Rack, with no safety chain or safety bar. *Id*.

16. At the time of the incident forming the basis of this suit, the Lumber Rack did not have adequate safety securements. *Id*.

17. The condition posed an unreasonable risk of harm to Plaintiff MILCHAK.

18. THE HOME DEPOT knew or reasonably should have known of the said danger.

19. THE HOME DEPOT failed to exercise ordinary care to protect Plaintiff MILCHAKL by failing to adequately warn him of the condition.

20. THE HOME DEPOT failed to exercise ordinary care to protect Plaintiff MILCHAKL by failing make the condition reasonably safe.

21. Plaintiff MILCHACK sustained serious injuries as a result of this incident and suffered damages.

## V. CAUSES OF ACTION AGAINSTDEFENDANT HOME DEPOT U.S.A., INC. ("THE HOME DEPOT")

22. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Defendant THE HOME DEPOT was in ownership and control of the store location at 12221 Montwood Drive, El Paso, Texas 79938 on October 8, 2022, the date of the incident forming the basis of this suit.

24. Plaintiff MILCHAK entered Defendant THE HOME DEPOT's premises with Defendant's knowledge and for their mutual benefit.

25. At the date and time of the incident forming the basis of this suit, Plaintiff MILCHAK was a business invitee.

26. At the time of the incident forming the basis of this suit, a condition on Defendant THE HOME DEPOT's premises posed an unreasonable risk of harm.

27. At the time of the incident forming the basis of this suit, the 2x4s were unsafely stacked on the Lumber Rack.

28. At the time of the incident forming the basis of this suit, the retaining equipment on the Lumber Rack was inadequate.

29. At the time of the incident forming the basis of this suit, the retaining equipment that was on the Lumber Rack was not properly maintained.

30. Defendant THE HOME DEPOT knew or reasonably should have known of these dangerous conditions.

31. At the time of the incident forming the basis of this suit, the condition of the stacked lumber and the unsafe restraining equipment posed an unreasonable risk of harm.

32. Defendant THE HOME DEPOT failed to exercise ordinary care to protect Plaintiff MILCHAK from the danger by failing to adequately warn Plaintiff MILCHAK of the condition.

33. Defendant THE HOME DEPOT failed to exercise ordinary care to protect Plaintiff MILCHAK from the danger by failing to make the condition reasonably safe.

34. Defendant THE HOME DEPOT had a duty to use reasonable care to ensure that the premises did not present danger to Plaintiff MILCHAK.

35. This duty includes the duty to inspect and the duty to warn or to cure.

36. Defendant THE HOME DEPOT breached the duty of reasonable care by failing to ensure the 2x4's that fell were not unsafely stacked,

37. Defendant THE HOME DEPOT breached the duty of reasonable care by failing to ensure that the Lumber Rack's retention bars were adequate, functioning, maintained and secure.

38. Defendant THE HOME DEPOT breached its duty of reasonable care owed to Plaintiff MILCHAK.

39. Defendant THE HOME DEPOT's negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

    a. failing to provide a safe environment for its customers and patrons;

    b. failing to perform normal business operations in a safe, reasonable, and prudent manner;

c. failing to maintain, follow, and enforce policies and procedures for safe business operations;

d. failing to recognize and remediate known safety hazards;

e. failing to provide proper, safe and/or adequate equipment and fixtures;

f. failing to maintain structures and fixtures in good working order;

g. violating industry standards and best practices for safe business operations;

h. failing to use ordinary care as a reasonable company would under the same or similar circumstances;

i. failing to ensure that the 2x4's that fell causing injury were not stacked in an unsafe and unreasonably dangerous condition;

j. failing to ensure that the safety retention bars were in place and in functioning condition;

k. failing to implement and/or comply with safety initiatives by conducting routine inspection of the premises; and

l. such additional acts of negligence, which will be established as this case progresses.

40. Defendant THE HOME DEPOT failed to exercise ordinary care to protect Plaintiff MILCHAK, by failing to adequately warn Plaintiff MILCHAK of the condition and failing to make that condition reasonably safe.

41. Defendant THE HOME DEPOT's breach of duty proximately caused injury to Plaintiff MILCHAK, which resulted in the severe injuries and damages to Plaintiff MILCHAK including injury to his neck, back, legs, head, brain, mental wellbeing, upper body and lower body, generally, which have required and will require extensive treatment including surgery, have greatly diminished Plaintiff MILCHAK's quality of life and that he will likely be dealing with for the remainder of his natural life.

42. Each of the above foregoing acts of omission and/or commission constituted negligence and were a proximate cause of the injuries and damages to Plaintiff for which Plaintiff now seeks recovery.

## VI. DAMAGES

43. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiff seeks to recover damages in an amount the jury finds the evidence supports and which the jury finds to be appropriate under all the circumstances.

**A. PERSONAL INJURY DAMAGES OF BILLY MILCHAK**

45. As a result of the incident in question, Plaintiff MILCHAK suffered severe, permanent, and disabling injuries to his neck, back, legs, head, brain, upper body, and lower body, generally. He has sustained past and future reasonable and necessary medical expenses for the care and treatment of his injuries; physical impairment, both past and future; physical pain and mental anguish, both past and future; and a diminution of enjoyment of life, both past and future, all to his damage in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this court.

**B. EXEMPLARY DAMAGES**

46. The Defendant THE HOME DEPOT's conduct, when viewed objectively from the standpoint of the actor, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual subjective awareness of the risk

involved, but nevertheless, preceded with conscious indifference to the rights, safety and welfare of the Plaintiff. Accordingly, Plaintiff seeks recovery of exemplary damages against Defendant.

## VII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

47. Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 45 of this Complaint as though fully set forth herein. Plaintiff seeks pre-judgment and post-judgment interest allowed by law.

## VIII. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

48. Plaintiff states that the jury will rightfully determine the fair amount of compensation for Plaintiff's damages. It is too early in this case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Texas Rule of Civil Procedure 47, however, require Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff state that monetary relief of over $1,000,000, in an amount to be determined by the jury, is being sought.

## IX. RULE 193.7 NOTICE

49. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that Plaintiffs intend to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendant has produced in response to Plaintiff's written discovery requests.

## X. REQUIRED DISCLOSURES

50. Pursuant to the provisions of Texas Rule of Civil Procedure 194.1, Defendant is required to disclose, without awaiting a discovery request, the information or material described in Rule 194 within the prescribed time frame of that Rule.

## XI. JURY DEMAND

51. Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Plaintiff requests a trial by jury for all issues of fact and tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendant THE HOME DEPOT for damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**SAHADI LEGAL GROUP**

By: ***/s/ Reagan Sahadi***
R. Reagan Sahadi
State Bar No. 24042369
Brandon P. Mundt
State Bar No. 24042369
414 S. Tancahua Street
Corpus Christi, TX 78401
Telephone: 361-760-3300
Facsimile: 361-760-3310
E-mail: bmundt@sahadilegal.com
 e-filing@sahadilegal.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Plaintiff's Complaint was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this 18th day of January 2024, via electronic service on counsel's email address.

Karen M. Alvarado
BROTHERS, ALVARADO, PIAZZA
  & COZORT, P.C.
10333 Richmond, Suite 900
Houston, TX 77042
T: (713) 337-0750
F: (713) 337-0760
Service-alvarado@brothers-law.com

**ATTORNEY OF RECORD FOR**
**DEFENDANT THE HOME DEPOT**

                                          */s/ Reagan Sahadi*
                                           R. Reagan Sahadi